# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ELBERTA N. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:09-CV-319 |
| ) | |
| MARK KILGORE, Officer, Marion ) | |
| Police Department, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

This matter is before the court on Plaintiff Elberta Jackson's complaint and her petition to proceed *in forma pauperis.* For the reasons set forth below, pursuant to 28 U.S.C. § 1915(e)(2), the Court **DENIES** the Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** this case.

BACKGROUND

Jackson alleges in her complaint that Marion Police Officer Mark Kilgore violated her Fourteenth Amendment rights. The complaint itself contains no facts, but the attachments to the complaint establish that on August 5, 2009, Officer Kilgore was dispatched to investigate a reported battery by Jackson on Yolonda Rogers. Kilgore spoke to Jackson, Rogers, and Rogers's brother who gave different versions of the events. Officer Kilgore referred his findings to the prosecutor's office. On September 18, 2009, Officer Kilgore signed an information charging Jackson with battery and

Judge James Kocher of the Marion City Court found probable cause existed to issue an arrest warrant against Jackson. She pled not guilty on September 21, 2009, and the criminal prosecution is proceeding against her.

DISCUSSION

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

Jackson requests that this court "dismiss the charge that has come to the Plaintiff." (DE 1 at 3). This would require this court to intervene in the criminal prosecution against Jackson in the Marion City Court and order that court to dismiss the criminal charge against her.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971) requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. Underlying this rule is the assumption that a plaintiff's federal constitutional claims can fairly be vindicated in state court proceedings without federal intrusion, *Grandco Corp. v. Rochford*, 536 F.2d 197, 202 (7th Cir. 1976). The subject of this complaint is an ongoing state criminal proceeding, and nothing in the complaint or its attachments suggest the existence of facts that would avoid the *Younger* doctrine's prohibition against this court intervening in the criminal prosecution against Jackson.

Jackson also seeks damages against Officer Kilgore for causing her to be prosecuted for battery. In addressing a claim brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394 (1989). A false arrest claim, asserting an arrest based on no probable cause implicates the Fourth Amendment. *See Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996). A finding of probable cause does not require evidence sufficient for a conviction. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Id.*, quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969). The probable

cause determination is based on the information available to the officer at the time he made the arrest. *Edwards v. Cabrera*, 58 F.3d 290, 292 (7th Cir. 1995).

> To succeed on his unlawful arrest claim . . . [the plaintiff] . . . must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

An arrest is legitimate if the officer has probable cause to believe that a crime had been committed. *Qian v. Kautz*, 168 F.3d 949, 953 (1999) ("A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.")

In the Narrative of Offense attached the complaint, Officer Kilgore stated that:

> On August 5, 2009[,] at approximately 00:53 hours I took a battery report from Yolanda Rogers. Ms. Rogers stated she was battered by Elberta Jackson. She advised she was struck three times, twice on one side of the face with a closed fist and once on the other side with an open hand. Ms. Rogers had no visible injuries to photograph at the

4

> time. She did, however, complain that she was having trouble hearing from her right ear. I gathered her information and completed the original report . . ..

Officer Kilgore also states in his narrative that he spoke to Jackson and her brother who gave a different version of the incident and that "[d]ue to the conflicting stories I am forwarding [the matter] to the Prosecutor[']s Office for review."

That Rogers reported to Officer Kilgore, that Jackson hit and injured her is sufficient to support a finding of probable cause to arrest her for battery. This is true even if Rogers lied about the incident and Jackson and her brother told the truth. The correct venue for evaluating which of conflicting version of events is true is not at the time of an arrest but in subsequent judicial proceedings. Officer Kilgore did not violate Jackson's Fourth Amendment rights when he referred the conflicting stories to the prosecutor, and that the Marion City Court found probable cause and issued an arrest warrant based on Officer Kilgore's information did not violate her federally protected rights in any way.

CONCLUSION

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and **DISMISSES** this cause of action.

**DATED: December 1, 2009     /S/RUDY LOZANO, Judge**
                              **United States District Court**